The document below is hereby signed.

Signed: June 08, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JAMES F. JOHNSON, | ) | Case No. 08-00311 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JAMES F. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 08-10036 |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |
| Defendants. | ) | |

MEMORANDUM DECISION RE MOTION TO DISMISS
─────────────────────────────────────────

The plaintiff, James F. Johnson, received a discharge in his bankruptcy case. He has sued the District of Columbia and related entities for allegedly violating the discharge injunction by attempting to collect fines imposed by the Department of Motor Vehicles ("DMV"). The plaintiff has failed to allege any facts establishing that such fines were discharged notwithstanding 11 U.S.C. § 523(a)(7) which provides that a debt is nondischargeable:

>     to the extent such debt is for a fine, penalty, or
>     forfeiture payable to and for the benefit of a
>     governmental unit, and is not compensation for actual
>     pecuniary loss, other than a tax penalty--
>         (A) relating to a tax of a kind not specified
>     in paragraph (1) of this subsection; or
>         (B) imposed with respect to a transaction or
>     event that occurred before there years before the
>     date of the filing of the petition.

I

Before turning to the specific challenges the complaint makes to the propriety of the District of Columbia's collecting the fines at issue after the plaintiff's receiving a discharge, it is worth mentioning what the complaint does *not* allege as grounds for treating the collection of the debts as violating the discharge injunction.  The complaint does not allege that the fines at issue are not the types of fines described in § 523(a)(7).

Parking and driving violation fines owed a municipality are generally not designed to compensate for actual pecuniary loss, and instead are designed to deter drivers from failing to observe parking and driving regulations.  *See Caggiano v. Office of the Parking Clerk of the City of Boston (In re Caggiano)*, 34 B.R. 449, 450 (Bankr. D. Mass. 1983).  The complaint does not allege that the fines at issue were "compensation for actual pecuniary loss," and the plaintiff has not challenged the District of Columbia's assertion in its motion to dismiss that the fines fit within § 523(a)(7).

2

The exhibits to the complaint list amounts owed for tickets without any indication that the ticketed amounts include any charge for actual pecuniary loss. Beyond the ticketed amounts, the complaint does not allege that the District of Columbia is seeking to collect any other debts that, in contrast, might be considered compensation for actual pecuniary loss. There is, for example, no indication in the complaint that the plaintiff went to a hearing before the DMV for which he has been charged the costs the DMV incurred in conducting such a hearing.

II

The first basis that the complaint *does* raise as a grounds for enjoining collection of the fines is that the fines are time-barred. The fines are nondischargeable regardless of their age. In contrast, 523(a)(7)(B) denies such nondischargeability status, generally bestowed by § 523(a)(7) on non-pecuniary loss fines, to a tax penalty relating to "a transaction or event that occurred before there years before the date of the filing of the petition." Section 523(a)(7)(A) and (B) are directed to only a tax penalty as those paragraphs of § 523(a)(7) relate to the immediately preceding clause ("other than a tax penalty") and are intended to specify when a tax penalty is disqualified from enjoying nondischargeability status.

To the extent that the plaintiff contends that the fines are time-barred under District of Columbia law, that is not an issue

3

of nondischargeability over which this court has jurisdiction. Instead, that contention presents a defense under nonbankruptcy law to the District of Columbia's claim that the fines are owed. The plaintiff may raise that defense in an appropriate forum elsewhere.

### III

The complaint contends that the defendants failed to file anything in the bankruptcy case after notice of its pendency, and that they have waived their claims.  Nothing in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure required the District of Columbia to file anything in the case in order to preserve the nondischargeable character of the fines.  The fines are not debts of a character described in 11 U.S.C. § 523(c) for which a complaint must be filed by the deadline specified by Fed. R. Bankr. P. 4007(c) in order to preserve the nondischargeability of the debt.

### IV

The complaint finally contends that the District of Columbia, pursuant to the home rule powers bestowed upon it by Congress, is not authorized to override a federal law, to wit, the discharge provisions of the Bankruptcy Code that grant a debtor a discharge.  This contention is frivolous.  Congress empowered the District to enact parking and driving regulations, including fines for violation of those regulations.  Enactment of

such fines does not transgress the Bankruptcy Code's provisions for the bestowal of a discharge on an individual debtor. The fines are debts, and the Bankruptcy Code's discharge provisions do not bar the creation of debts pursuant to nonbankruptcy law. Instead, a discharge granted under the Bankruptcy Code gives rise to an injunction under 11 U.S.C. § 524 that bars collection of such debts after entry of the discharge unless they are excepted from discharge. Here, Congress has provided in § 523(a)(7) an exception to the discharge for punitive parking and driving fines imposed as a result of regulations adopted under nonbankruptcy law, including those imposed under the parking and driving regulations enacted by the District of Columbia.

V

For the foregoing reasons, the motion to dismiss this adversary proceeding will be granted via a judgment that follows dismissing this adversary proceeding.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.